IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

Shawant Hunt
Alexander Blackmon,
_____
(Enter above the full name of the plaintiff
or plaintiffs in this action.)

vs.

Frederick Agee, Et. Al
_____
(Enter above the full name of the defendant
or defendants in this action.)

RECEIVED

MAY 31 2023

Wendy R Oliver, Clerk
U.S. District Court
W.D. OF TN, Jackson

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C., §1983

I.  Previous Lawsuits

   A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes ( ) No ( )

   B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   1. Parties to this previous lawsuit
      Plaintiffs: _____N/A_____

      Defendants: _____N/A_____

   2. Court (if federal court, name the district; if state court, name the county): _____

   3. Docket Number: _____N/A_____

   4. Name of judge to whom case was assigned: _____
   5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)
      _____N/A_____
   6. Approximate date of filing lawsuit: _____N/A_____

   7. Approximate date of disposition: _____N/A_____

II. Place of Present Confinement: **N/A**

A. Is there a prisoner grievance procedure in the institution?
Yes ( )   No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
Yes ( )   No (X)

C. If your answer is Yes:
1. What steps did you take? **N/A**

2. What was the result? **N/A**

D. If your answer is No, explain why not: **N/A**

III. Parties

(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of Plaintiff **Shawana Hunt and Alexander Blackmon**

Address _____

(In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of an additional defendants.)

B. Defendant **Frederick Agee, Attorney General** is employed as **Ex Parte Young bar any immunity because** at **All defendants conspired to violation federal laws**

C. Additional Defendants: **Handle Duran, Simmons, J. Mark Johnson, Kevin Hill, K. Gregory, Timothy Bottom, Hillary Paraham, ~~Kenneith~~ Margolis,**

IV. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheet if necessary.

The defendants conspired together to violated the plaintiff Hunt 4th, 5th, 6th and 14th Amendments rights due to illegal search and seized.

The defendants conspired to deprived plaintiff Blackmon of his liberty without due process of law when the illegal seized him and unlawful held him in jail for 12 months for a drugs crime he never was charge with or indicted for by grand jury

-2-    Revised 4/18/08

SEE ATTACHMENT

THE UNITED STATES DISTRICT COURT OF TENNESSEE
AT JACKSON

SHAWANA HUNT,
ALEXANDER BLACKMON

   Plaintiff.         )
               )
               ) Case no. _____
VS.             ) DEMAND FOR JURY TRIAL
               ) RULE 38 FED.R.CIV.P.

HILLARY PARHAM, FREDERICK AGEE, MARC MURDAUGH, SGT. KEVIN HILL, TIMOTHY BOTTOM, J. MARK JOHNSON, KEATON GREGORY, HANDLE DURAN, KENNEITH MARGOLIS,
• COURTNEY SIMMONS,

## EMERGENCY

COMPLAINT FOR UNLAWFUL AND UNREASONABLE SEIZED OF ALEXANDER BLACKMON WITHOUT PROBABLE CAUSE OR JURISDICTION WHICH RESULT OF HIM BEING RESTRAINT OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW IN VIOLATION OF THE FOURTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. 1983 AND 1985.

AND

COMPLAINT FOR EX PARTE YOUNG PROSPECTIVE INJUNCTIVE RELIEF AGAINST THE STATE OFFICIALS FOR VIOLATING FEDERAL LAWS, THE FOURTH, EIGHTH, SIXTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES

CONSTITUTION.

AND

EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS RELIEF FILE PURSUANT TO 28 U.S.C.2241.

_____

_____

MAY IT PLEASE THE UNITED STATES DISTRICT COURT

Comes now, the Plaintiff **Alexander Blackmon ,Pro-Se**,with the **legal assistant** of a **Certified INDEPENDENT Paralegal Richard E.Madkins**

1

hereby filed this **42 U.S.C. 1983 Emergency CIVIL RIGHTS COMPLAINT against the Defendants Attorney General Frederick Agee, Assistant Attorney General Marc Murdaugh, U.S. Assistant Attorney General Hillary Parham, Special Agent Sgt. Kevin Hill, Sheriff Timothy Bottoms, Judge J.Mark Johnson, Police officer Gregory, for conspiring together to unlawfully and unreasonable seized Alexander Blackmon without probable cause for a Drug charge that the State of Tennessee lack jurisdiction or probable cause to prosecute Mr. Blackmon or Schwann's Hunt ,because the State illegally obtained evidence was gained from a FATAL VOID SEARCH WARRANT ISSUE BY DEFENDANT JUVENILE COURT JUDGE J.MARK JOHNSON WHO LACKED GEOGRAPHICAL JURISDICTION TO ISSUE A SEARCH WARRANT FOR PROPERTY LOCATED OUTSIDE THE JUDGE JURISDICTION IN VIOLATION OF THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION.**

**Moreover, due to the Defendants illegally seized of Plaintiff Blackmon without probable cause or jurisdiction was prejudice to Plaintiff Blackmon because he is being unlawfully held in restraint of his liberty without Due Process of Law by Defendant Sheriff Bottoms**

**Hardy Agee and Assistant Attorney General Marc Murdaugh** has intentionally and deliberately violated his **constitutional right to DUE PROCESS OF LAW BY ILLEGALLY SEIZING HIM AND RESTRAINING HIM OF LIBERTY WITHOUT DUE PROCESS OF LAW BY FALSE IMPRISONED HIM A DRUG CRIME ON ILLEGALLY OBTAINED EVIDENCE GAINED FROM A VOID SEARCH WARRANT ISSUE BY A JUVENILE COURT JUDGE J.MARK JOHNSON WHO GEOGRAPHICAL JURISDICTION TO ISSUE THE WARRANT TO SEARCH PROPERTY OUTSIDE THE JUDGE JURISDICTION.**

## JURISDICTION

1. This Honorable Court has **Jurisdiction** over this lawsuit pursuant to **42 U.S.C. 1983, and 28 U.S.C.1331 and 28 U.S.C. 1334, in which 42 U.S.C. 1983 PROVIDES AS FOLLOWS:**

3

Every person who,under color of any statute,ordinance,regulation custom,or usage,of any State or Territory or the District of Columbia,subjects,or cause to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights,privileges,or immunities secured by the Constitution and Laws,shall be liable to the party injured in an action at law.suit in equity,or other proper proceeding for redress.For the purposes of this section,any Act of Congress applicable exclusively to the district of columbia

In doing all of the acts and omission as alleged further herein each **Defendants involved in this case** were and are acting and continues to act under color of state law,custom,usage,and by virtue of the authority vested in each of them by the constitutions and laws of the State of Tennessee and United States.Thereby t**he Defendants** knew or should

in the Gibson County JAIL without being charge with any crime pursuant to a valid arrest warrant in VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

Furthermore, the Defendants have conspired to False Arrest and False Imprisonment Plaintiff Blackmon for a Drug crime without probable cause and without jurisdiction to proceed to trial prosecute the Drug crime because the Defendants has not obtained any Arrest Warrant against the Plaintiff charging him with any crime.Thereby the Defendants has intentionally arrested Plaintiff Blackmon without an Arrest Warrant which. Constitute Tort claims for False Arrest and False Imprisonment in violation of the FOURTH, FIFTH, AND FOURTEENTH

2

AMENDMENTS OF THE UNITED STATES CONSTITUTION.

Plaintiff Blackmon respectfully moves this Honorable Court to issue an emergency Preliminary Injunction directing the Attorney General Agee and Sheriff Bottoms to immediately release him from custody on the ground that no Arrest Warrant has been filed charging him with any crime and the facts he is being illegal seized and unlawfully held in custody in restraint of his liberty without due process of law and without jurisdiction or probable cause by Defendants .IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

### IMMINENT DANGER

1.**Petitioner Blackmon** is under imminent danger of serious physical injury to his liberty because the **Respondent Attorney General Frederick**

on the ground that this COURT LACKED JURISDICTION TO HEAR THE CASE or EVIDENCE, because Judge J. Mark Johnson of the JUVENILE COURT acted as a MAGISTRATE on February 12, 2022 LACK GEOGRAPHICAL JURISDICTION to issue a Search Warrant outside the Judge judicial district to search Mrs. Hunt's residence at 2519 Vine Street, located in Humboldt, Tennessee. 38343, which rendered the warrant void and the search unconstitutional and the evidence should be suppressed and the charges should be dismissed with prejudice pursuant to the Tennessee Supreme Court decision in State-vs-Frazier, 558 S.W.3d 145 (Tenn.2018). And pursuant to Rule 41 of the Tennessee Rules of Criminal Procedure and Rule 12 of the Tennessee Rules of Criminal Procedure. Thereby, the Affidavit of Complaint to obtain an Arrest Warrant was void because the affidavit was signed by Jonathan Stewart instead of Kevin Hill who failed to sign the affidavit that he filled out on 2/13/2022.

Moreover, the Affidavit of Complaint that Special Agent Sgt. Kevin Hill used as an Arrest Warrant to arrest Mrs. Shwanna Hunt was unconstitutional and void because an Affidavit of Complaint can not be used as an arrest warrant pursuant to the Tennessee Court of Criminal Appeals decision in State of Tennessee-vs-Felicia Jones, 512 S.W.3d 258 (Tenn.Crim.App.2016). Thereby, Mrs. Hunt moved the Court to suppress all the evidence obtained in this case because the search warrant was void because the juvenile court judge lacked geographical jurisdiction to issue the search warrant outside the judge's judicial district obtained by Special Agent Sgt. Kevin Hill without probable cause due to official misconduct and without an affidavit in support of the search warrant .Moreover, Judge Johnson eight(8) years term had expired in January of 2022 In Violation of Mrs. Hunt's Constitutional Right to Due Process of Law protected under the Fourth and Fourteenth Amendment of the United States Constitution . Thereby the evidence was obtained based on a void search warrant constituting an illegal search and seizure.Therefore,

the evidence should be suppressed and the charges should be dismissed with prejudice because Mrs. Hunt was deprived of her liberty without due process of law when she was arrested based on an void affidavit of complaint without an arrest warrant in violation of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

In support of these motions Mrs. Hunt would show unto this Court the reason her motions should be granted because NO OFFICIAL ARREST WARRANT WAS ISSUED IN THIS CASE BY LAW.

## FACTS OF THE CASE

Mrs. Hunt would like to direct this Honorable Court's attention to the facts of this case from the beginning and show how it all started against Mrs. Hunt, so it want to any dispute, the facts of this case would be recited from Johnie Carter, director of the West Tennessee Drug Task Force (WTDTF) public statement to the Gibson County News . Mr. Carter's public statement was also reported in the Milan Mirror Exchange Newspaper by Danny Wade February 15, 2022 which provides as follows:

LARGEST DRUG BUST IN GIBSON COUNTY HISTORY- Johnie Carter, director of the West Tennessee Drug Task Force (WTDTF), said the Task Force and the Humboldt Police Department made one of the largest drug busts in the history of Gibson County early Sunday morning. The seizure included 35 pounds of marijuana, 30 pounds of meth and four ounces of cocaine. Shawanna Hunt, 37 was arrested and charged with multiple counts of manufacturing, delivering, selling and possession of controlled substances including methamphetamine. She has since been released on a $ 150,000 bond.

A Madison County traffic stop led West Tennessee Drug Task Force Agents to serve search on a home in Humboldt early Sunday morning where they found assorted illegal drugs, including 30 pounds of methamphetamine.

Johnie Carter, said the Task Force, Madison County Sheriff's Office and the Humboldt Police Department were involved in the seizure that also included 35 pounds of marijuana and four ounces of cocaine.  He said it was believe to be the largest single seizure of methamphetamine in Gibson County History. Carter said Madison County deputies Stopped a MERCEDES late Saturday night and that as the driver provided his driver license, deputies smelled an overwhelming odor of marijuana coming from the vehicle. When they tried to investigate further, the driver fled the scene at a high rate of speed. Carter said deputies called Humboldt Police Department to check the registered address of the MERCEDES and Humboldt officers went to 2519 Vine Street in Humboldt where they made contact with a resident. While at the residence, officers made observations leading them to call the Drug Task Force for assistance. Agents from the 28th Judicial District out of Humboldt arrived quickly to find probable cause for a search warrant. Carter said Task Force agents then served the search warrant on the address and located the drugs in the home and a vehicle parked outside. Shwanna Hunt, 37. ( Copy of Newspaper attached as EXHIBIT-1)

### FACTS FROM MRS. HUNT

In response to Johnie Carter public statement Mr. Carter failed to mention that Mrs. Hunt wasn't at home when the Humboldt Police Officers made their observations leading them to call the Drug Task Force agent then served the search warrant in other words the Humboldt Police Officers had search the truck before they had got the illegal and VOID SEARCH WARRANT BASED ON FRAUD ON THE COURT.

4

2. While the police officers were outside searching around the house Mrs. Hunt's two (2) kids Jakayla Pirtle age 16 and Serenity Hunt age 15 were inside the house looking out the window watching the police officers with flashlights searching around the house and truck. ( See Affidavits of Jakayla and Serenity attached hereto as EXHIBIT-4 and EXHIBIT-5).

3. Around 9:15 p.m. Mrs. Hunt arrived at her house with her mother Mrs. Morrell Dance and she saw a lot of police officers around her house and truck when she got out her car she saw the door on her truck open as she approached these officers she asked them why they were searching around her house and truck.

4. Sgt. Hill told Mrs. Hunt they were there looking for a Mercedes Benz, and he asked her if she owned a Mercedes Benz and she told him yes she did, but her car wasn't there at the house and why did he ask?

5. Officer Hill asked Mrs. Hunt if she would consent to letting them search her house even though they didn't have probable cause to do so, she consented to allow them to search her house.

6. After Sgt. Hill and the other officers searched all over Mrs. Hunt house in which they didn't find any contraband, he then asked Mrs. Hunt if they could search her Tahoe Truck and she told them NO, because she saw them searching the truck when she arrived.

7. When Mrs. Hunt told Sgt. Hill and the other Gibson County officers they couldn't search her truck, officer Hill then told her he can go get a search warrant because he knows there's marijuana in the truck.

8. Mrs. Hunt told Sgt. Hill she had no knowledge of what he was talking about. Thereby Officer Hill and the other Officers instructed

5

Mrs. Hunt and her family, which was her mother and two (2) kids to sit in the living room and they couldn't leave the house they can only go use the bathroom until Officer Hill gets back with the search warrant.

9. Mrs. Hunt avers that she and her family were deprived of their liberty to movement without due process of law held like prisoners in her own home in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

10. Mrs. Hunt cameras were taken from the house by Gibson County Police for the sole purpose to cover up their illegal actions by searching the truck and around the house without a search warrant when Mrs. Hunt wasn't at home when the police officers took the camera because they didn't want the camera showing them searching around the house in the truck in violation of the Fourth Amendment of the United States Constitution.

11. This case started with a traffic stop of a man drivering in a Mercedes resigstered to Mrs. Hunt when the Humboldt Police Officer arrived at Mrs. Hunt home they were supposed to be looking for the man in the Mercedes and when they didn't see the Mercedes at Mrs. Hunt home they had no reason or probable cause to want to search the truck because the truck wasn't in the high speed chase.Therefore, they had no probable cause to get a search warrant to search the truck because Johnie Carter of the Task Force made a public statement for the reason the Humboldt police officers went to Mrs. Hunt home to look for a Mercedes, when the officers didn't see a Mercedes at Mrs. Hunt home when they arrived the officers should have left her property because Mrs. Hunt wasn't driving her car on the date in question, in other words the traffic stop turned into a drug case due to police misconduct .

Mrs. Hunt cited as her authority the Tennessee Supreme Court decision in State-vs-Frazier supra. In Mrs. Frazier case, the Tennessee Supreme Court held on September 28th, 2018, that a Circuit Court Judge in Tennessee lacks jurisdiction to issue search warrants for property located outside the judge's statutorily defined judicial district unless the judge has obtained expanded geographical jurisdiction by interchange' designation, appointment, or another lawful means.

The facts in Mrs. Frazier case and the State argument are recited from the Tennessee Supreme Court Opinion which provides that the State of Tennessee raise the question on appeal: Whether the trial court erred by holding that the evidence seized from the defendant Fraizer residences in the 19th Judicial District of Tennessee should be suppressed because the warrants were signed by a Circuit Court of the 23rd Judicial District of Tennessee. We hold that, in the absence of interchange, designation, appointment, or other lawful means, a circuit court judge in Tennessee lacks jurisdiction to issue search warrants for property located outside the judge's statutorily assigned judicial district. As a result, the court below correctly held that the 23rd Judicial District Circuit Court Judge lacked authority to issue the search warrants, and that, as a result, the searches were constitutionally invalid.

Furthermore, although the issue was not raised in the trial court, in the exercise of our supervisory authority, we have considered the State's argument that the good-faith exception to the exclusionary rule applies in these circumstances and conclude that it does not. Accordingly, we affirm the judgment of the Court of Criminal Appeals, which upheld the trial court's order granting the defendants Fraizer motions to suppress. See State-vs-Fraizer, 558 S.W.3d 145 (Tenn. 2018).

In the case at bar, Mrs. Hunt's case is similar to Mrs. Frazier and Mr. Parks' cases. She challenged the constitutional validity of the warrant that juvenile court Judge J. Mark Johnson lacked geographical jurisdiction to issue a search warrant outside his judicial district located in Trenton, Tennessee to search Mrs. Hunt residence located in Humboldt, Tennessee.

Petitioner Hunt relied on Tennessee Rule of Criminal Procedure 41 (a)(emphasis added), which authorizes [a] magistrate with jurisdiction in the County where the property sought is located [to] issue a search warrant. Additionally, the Petitioner Hunt relied on state statutes defining and circumscribing the geographical jurisdiction of circuit court judges to statutorily defined judicial district and asserted that a circuit court judges has no authority outside the judge's statutorily defined judicial district in the absence of interchange, designation, appointment, or some other lawful means. Because the juvenile court in Trenton Tennessee had not obtained authority to act in Humboldt Tennessee by any of these means, Mrs. Hunt argued that the search warrant were invalid, that the searches of her residence violated the Fourth Amendment to the United States Constitution and Article I, section 7 of the Tennessee Constitution, and that the evidence should be suppressed.

II. TENNESSEE SUPREME COURT AND TENNESSEE COURT OF CRIMINAL APPEALS IN PREVIOUS CASES ANALYSIS GEOGRAPHICAL JURISDICTION OF CIRCUIT COURT JUDGES AS MAGISTRATES THESE CASES ARE CITED BELOW;

The Fourth Amendment to the United States Constitution and Article I, section 7 of the Tennessee Constitution safeguard individuals from unreasonable searches and seizure. State-vs-Hannah, 259 S.W.3d 716, 720 (Tenn. 2008). [S]earches and seizures conducted pursuant to

warrants are presumptively reasonable, but warrantless searches and seizures are presumptively unreasonable. State-vs-McCormick, 494 S.W.3d 673, 678-79 (Tenn. 2016) (citing State-vs-Scarborough, 201 S.W. 3d 607, 616-17 (Tenn. 2006); Kentucky-vs-King, 563 U.S. 452, 459, (2001); State-vs-Bell, 429 S.W.3d.524, 529 (Tenn. 2014). As a general rule, search warrants will not be issued unless a neutral and detached magistrate determines that probable cause exists for their issuance. State-vs-Tuttle, 515 S.W.3d 282, 299 (Tenn. 2017) (citing Illinois-vs-Gates, 462 U.S.213, 240 (1983); State-vs-Henning, 975 S.W.2d 290, 294 (Tenn.1998); State-vs-Jacumin, 778 S.W.2d 430, 431 (Tenn. 1989); overruled on other grounds by Tuttle, 515 S.W.3d at 305-08). When courts use the word "magistrate" in the context of addressing constitutional search and seizure issues, the term generally refers to those persons authorized by law to issue warrants. Shadwick-vs-Tampa, 407 U.S.345, 348 (1972) (citing Coolidge-vs-New Hampshire, 403 U.S. 443, 449-53 (Tenn.1971); Whiteley-vs-Warden, 401 U.S. 560, 566 (1971); Katz-vs-United States, 389 U.S. 347, (1967); United States-vs-Ventresca, 380 U.S.102, 108 (1965); Giordenello-vs-United States, 357 U.S.480, 486 (1958); Johnson-vs-United States, 333 U.S.10,13-14 (1948); United States-vs-Lefkowitz, 285 U.S. 452, (1932), abrogation on other grounds recognized by Arizona-vs-Gant, 556 U.S.332, 350 (2009). So long as [magistrate] are neutral and detached and capable of the probable cause determination required of them, the United States Supreme Court has afforded states some flexibility and leeway in their designation of magistrates. Shadwick, 407 U.S. at 354; see also United States-vs-Master, 614 F.3d 236, 240 ( 6th Cir. 2010) ( The qualifications of a magistrate are... inextricably intertwined with state law. ).

Tennessee law defines a search warrant as an order in writing in the name of the state, signed by a magistrate, directed to the sheriff, and constable, or any peace officer... commanding the sheriff, constable [,] or peace officer to search for personal property, and bring it before

The magistrate . Tenn. Code. Ann. 40-6-101 (2012) (emphasis added ). Likewise, Rule 41 of the Tennessee Rules of Criminal Procedure provides that [a] magistrate with jurisdiction in the county where the property sought is located may issue a search warrant. Tenn. R. Crim. P. 41 (a) ( emphasis added) Both a rule of criminal procedure and statutes make clear that circuit court judges may function as magistrates for the purpose of issuing search warrants. Tenn. Code. Ann. 17-1-103 (b) (Supp.2018) ( describing circuit court judges as judge of court of record) ;Tenn. Code. Ann. 40-1-106 (2018) ( stating that circuit court judges are magistrates); Tenn. R. Crim. P. 1(e) (3) ( defining magistrate as including all judges of courts of record in the [S]tate ).

It is well settled law if the Tennessee Supreme Court in State-vs-Fraizer, supra. Held that Circuit Court lack geographical jurisdiction to act as a magistrate to issue search warrant outside the judge judicial district to search property located in another county, then it should be without doubt that the juvenile court judge in Mrs. Hunt case clearly lack geographical jurisdiction to issue the search warrant to Kevin Hill to search Mrs. Hunt residence located in Humboldt, Tennessee. Therefore, the search warrant signed by juvenile court judge J. Mark Johnson is fatally void and unconstitutional and the evidence obtained in this case based on the void warrant should be suppressed due to an unconstitutional search and the charges should be dismissed with prejudice.

Petitioner Hunt submits that the evidence should also be suppressed against her co-defendant Alexander Blackmon who was charged with the same illegal seizure evidence. Moreover, Mr. Blakmon was not at Mrs. Hunt's residence on February 12, 2022 during the illegal search. Therefore, the evidence is insufficient as a matter of law to convict Mr. Blackmon because he never was in possession or constructive possession of the drugs seizure in this case. See United States-vs-Richard Madkins, 994 F .2d 540 (1993).

V.  Relief
State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

The plaintiff Hunt and plaintiff Blackmon request the court to award them punitive damage of $1,000,000,000 against the defendant Frederick Agee, Marc Murgaugh, Handle Duran, Courtney Simmons, Kenneth Margolis, Keaton Gregory, Hillary Abraham, Timothy Bottom, J. Mark Johnson, Kevin Hill, in their individual and official capacities. For violating plaintiffs 4th, 5th, 6th, 8th, and 14th Amendmen Lawyer Beach Contracts rights

VI. Jury Demand
I would like to have my case tried by a jury. Yes (X) No ( ).

I (We) hereby certify under penalty of perjury that the above complaint is true to the best of our information, knowledge, and belief.

Signed this  23  day of  May , 20 23 .

*Dhawana Hunt*
*Alexander Blackmon*

(Signature of Plaintiff/Plaintiffs)

Revised 4/18/08